# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JACK H. JOHNSON,          )
                                        )
                   Plaintiff,        )
                                        )
v.                                     )  No. 06-0251-CV-W-FJG
                                        )
MICHAEL J. ASTRUE,       )
Commissioner, Social Security    )
Administration                )
                                        )
                   Defendant.     )

# ORDER

This is a proceeding for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On June 18, 2004, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On February 3, 2006, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

> The standard for judicial review of an ALJ's denial of benefits is as follows: We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

<u>Weishaar v. Barnhart</u>, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted).  "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." <u>Johnson v. Chater</u>, 87 F.3d 1015, 1017 (8th Cir. 1996).

　　　　Plaintiff argues that the ALJ committed reversible error because although the ALJ found that plaintiff could return to his past relevant work, he failed to make explicit findings regarding the exertional requirements of plaintiff's previous job and did not compare the requirements of that position to plaintiff's residual functional capacity. Plaintiff also argues that the ALJ failed to properly evaluate his credibility pursuant to <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).  The Court agrees that the ALJ failed to make explicit findings regarding the exertional requirements of plaintiff's past relevant work.  The Vocational Expert admitted in her testimony that the Dictionary of Occupational Titles classifies maintenance worker as a position which is typically performed at the medium exertional level. The Social Security regulations define medium work as being able to lift up to 50 pounds.  However, the ALJ presented a hypothetical to the VE in which he found that plaintiff was limited to lifting only 25 pounds.

　　　　Plaintiff asks that the Court reverse this decision and award benefits.  The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate plaintiff's residual functional capacity.

　　　　Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final

Case 4:06-cv-00251-FJG   Document 10   Filed 04/10/07   Page 2 of 3

decision of the ALJ is hereby **GRANTED** (Doc. # 10) and the decision of the

Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of

42 U.S.C. § 405(g).


Date:__4/10/07_____                          **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                          Fernando J. Gaitan Jr.
                                               United States District Judge